[562] Livingston County Bank *vs.* Ellis, impleaded with Wilder & Wildei.

A motion for judgment as in case of nonsuit may be made by *one* of several defendants, where the *maker*, the *first endorser*, and *second endorser* of a note are proceeded against under the statute in a *joint suit*.

Where, however, such motion was made by the *second endorser*, *after* he was informed that the maker had paid the debt, the motion was *denied*.

It *seems*, had it appeared that the defence was made in *good faith*, in opposition to an unfounded claim, that the plaintiff would have been directed to pay the defendants' costs, and perhaps to proceed to trial.

*By the Court.* This was a motion for judgment as in case of nonsuit, made by *one* of three defendants. A joint action was brought according to the statutes of 1832 and 1835, upon a note of which *Joseph Wilder* was maker, *John Wilder* first endorser, and the defendant, *Ellis*, second endorser. In such case one defendant, where his liability is separate, may make this motion. *Statutes, session of 1835, p.* 249, § 4; which is in these words: "One of the defendants in any suit brought in pursuance of the act hereby amended, [the act of April 5, 1832, authorizing one suit against makers and endorsers of promissory notes,] may move for judgment as in case of nonsuit, although the other defendants shall not unite in the motion; but one of several joint makers, drawers, endorsers, or acceptors, shall not make such motion, unless the other joint contractors with him shall unite in the motion." The defendant, if liable at all, is so separately and not jointly; he has a right, therefore, to make the motion. Before he made it, however, he was informed that the *maker* had paid the demand and settled the suit. Ellis had employed an attorney; the other defendants had not. He swears that he now has, and when the suit was commenced had a good defence upon the merits. Whatever defence he has, it is clearly unnecessary to put it forward, as the payment of the note has released him from his liability as endorser. The only object of going to a trial would be to try the question, who should pay a small bill of costs. The ends of justice do not require such a proceeding. The [563] defendant was informed, before he made this motion, that the debt was paid, and it would seem that the costs made by him were unnecessary, as he wrote the plaintiff's attorney that the maker and first endorser were abundantly responsible. This is not like the case of *Church* v. *Wood*, (9 *Wendell*, 435.) There a question of forgery, and of course of character, was involved. Not so here; the defendant admitted, in a letter to the plaintiff's attorney, that he was an endorser. Had it appeared that the defence was made in good faith, and that such a defence was necessary for the defendant's protection against an unfounded claim, the decision might be different. The plaintiff, in such case, might be directed to pay the costs, or perhaps to go to trial. A trial, however, ought not to be resorted to unless imperiously called for. Questions might be raised and decided here and carried to the court of errors, when there was in reality no cause of action—nothing depending upon the result but a bill of costs. This court has decided that a new trial should not be granted where costs only were depending, or the damages trifling, although it was admitted the judge had erred. (3 *Johns. R.* 241, 532. 2 *Cowen*, 479.) Parties should be cautious how suits are settled without the assent of all, when there are different interests.

Motion denied.